# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CARMELLE JAMISON, ET AL.**                                                    **PLAINTIFFS**

**VS.**                                **CIVIL ACTION NO.: 4:24-cv-103-GHD-JMV**

**GREENVILLE PUBLIC SCHOOL DISTRICT**                     **DEFENDANT**

## ORDER DENYING PLAINTIFFS' FIRST MOTION TO COMPEL

This matter is before the Court on the Plaintiffs' First Motion to Compel Discovery Responses [Dkt. 30] filed on June 11, 2025. The motion was filed April 18, 2025. Defendant filed its Response in Opposition [Dkt. 33] on June 17, 2025, and Plaintiffs have advised the Court that they do not intend to file a reply.

The motion to compel relates to written discovery Plaintiff propounded on May 1, 2025. The motion is due to be denied because pursuant to the Case Management Order [Dkt. 17], the parties elected to impose the following discovery provision or limitation:

> 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

[Dkt. 17] at 3. Such provision was not complied with prior to the filing of the motion to compel. Furthermore, according to the Defendant's response, Plaintiffs had agreed via email correspondence between counsel to give Defendants through June 10, 2025, to serve its responses to the outstanding discovery, but, instead, on June 9, 2025, the instant motion to compel was filed.

In its response, Defendant alleges that it served responses to Plaintiffs' interrogatories on June 12, 2025, along with amended initial disclosures and responses to Plaintiffs' requests for production on June 16, 2025. Accordingly, while Plaintiffs allege prejudice due to the late responses in the instant motion, at most, the prejudice would be six days (from June 10, 2025, to June 16, 2025).

The Court held an informal telephonic status conference with the parties on June 20, 2025, following which the parties submitted a joint motion to extend CMO deadlines [Dkt. 36]. The joint motion was granted, and Plaintiffs' designation of experts was extended by thirty days to July 21, 2025. Accordingly, any potential prejudice by the late responses has been cured, and the motion, at this juncture, is due to be DENIED.[2]

**SO ORDERED** this, the 24th day of June, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiffs raised the issue during the telephonic status conference on June 20, 2025, of the possibility that some of Defendant's responses may be insufficient. However, such issue is not presently before this Court for decision, and the parties were advised that a meet and confer was necessary on that issue prior to presenting it to the Court if they were unable to reach an agreement otherwise.